CASE 74—PETITION ORDINARY—OCTOBER 3.

# Carter, &c., vs. Carter.

### APPEAL FROM METCALFE CIRCUIT COURT.

The power of the husband to lease and receive the rent of his wife's land does not apply to land held by a trustee for the "*sole and separate use*" of the wife. But the trustee, or the wife, with his consent, has the exclusive right to lease and appropriate the proceeds.

HARLAN,                     For Appellants,

GARNETT & DOHONEY,            For Appellees,

CITED—

*Civil Code*, sec. 16.

18 *B. Mon.*, 662 ; *Watson vs. Gabby.*

14 *B. Mon.*, 145–6 ; *Brown, &c., vs. Alden.*

*MSS. Opn.*, 1856 ; *Fields vs. Groves.*

1 *Metcalfe*, 488 ; *Smith and wife vs. Long, &c.*

2 *Rev. Stat.*, *p.* 16.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

*Section* 1 *of article* 2, *chapter* 47, *of Revised Statutes*, conceding to the husband the use of his wife's land, with power to lease it for three years and to receive the rent, does not apply to land held by a trustee for the "*sole* and *separate* use" of the wife.

The object of such a conveyance, as in this case, was to preserve the use to the wife from the control of her husband, or the interference of his creditors ; and no legislative enactment could frustrate that conservative purpose or pervert the use to the husband's control. There

can be no doubt, therefore, that the statute just referred to does not constructively apply to such a case as this.

The husband in this case neither rented nor had power to lease the land, nor right to claim the profits. But the trustee, or the wife, with his consent, had the exclusive right to lease and appropriate the proceeds. She having leased to her son, the tobacco he raised on the land was his own, and was not subject to the execution against his father. The instruction given by the circuit court to the contrary was therefore erroneous, and must have controlled the verdict in favor of the execution creditor.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.